UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>YOUNG JOON YANG,<br><br>    Defendant. | No. CR 05-00395 CRB<br><br>DETENTION ORDER RE DEFENDANT YOUNG JOON YANG |

On July 11, 2005, defendant Young Joon Yang appeared before the Court, with his counsel, Richard Tamor, and a court-appointed interpreter. Assistant United States Attorney Peter B. Axelrod appeared for the United States. At that time, the Court held a detention hearing and received evidence in the form of the United States' proffer, the defendant's proffer, and a report by United States Pretrial Services. After considering the evidence and the parties' arguments, the Court orders the defendant detained as a flight risk for the following reasons based on the government's proffer:

1.	On June 30, 2005, law enforcement agents executed a large number of search and arrest warrants in connection with an indictment charging Mr. Yang with (1) an alien harboring conspiracy, 18 U.S.C. § 1324(a)(1)(A)(v)(I); (2) two counts of sex trafficking, 18 U.S.C. § 1591; (3) a money laundering conspiracy, 18 U.S.C. § 1956(h); (4) a Mann Act conspiracy, 18 U.S.C. § 371; and (5) a conspiracy to use a facility in aid of unlawful activity, 18 U.S.C. § 371. Pursuant to that operation, agents arrested, among others, Mr. Yang's wife. The government proffered evidence that Mr. Yang was aware of the arrest of his wife and others associated with

his activities.  Thereafter, Mr. Yang evaded law enforcement, who were actively looking for him, for six days until he surrendered.  Although Mr. Yang's counsel proffered that the delay was occasioned by Mr. Yang's search for counsel, the Court finds that the substantial delay between the night of the operation and his surrender evidences Mr. Yang's risk of flight.  It should be noted that during the six day period, he received calls from his brother-in-law, wife and FBI; Yang was aware of his wife's arrest, yet did not contact or submit to the authorities.

2.    Mr. Yang had access to large amounts of cash.  At the hearing, the government proffered that (a) Mr. Yang had issued approximately $460,000 worth of checks for apartments at the Golden Gateway Center in San Francisco from April 2004 to May 2005; and (b) Mr. Yang was involved in moving $300,000-500,000 out of the country.

3.    Mr. Yang has connections to and facility with alien smuggling.  Both the Indictment and the government's proffer indicate Mr. Yang's involvement in transporting, harboring and smuggling Korean females into the United States allegedly to work in brothels.  Because of these connections Mr. Yang appears to have access to people and/or networks that could facilitate his flight out of the United States.

4.    Mr. Yang is facing significant time in custody.  He is charged with two counts of sex trafficking, each of which carries a maximum term of life in prison, and therefore has a substantial incentive to flee.

5.    Although Mr. Yang has significant ties to the community, including his family, home and friends, given the above factors, the Court concludes the government has demonstrated by a preponderance of evidence that Mr. Yang presents a flight risk that cannot be reasonably ameliorated by any available set of conditions.  Mr. Yang's business, his financial tie to this community, is jeopardized by the instant prosecution.  The equity in his home is pledged as collateral for Mrs. Yang's bond.  The Court notes that although his sister-in-law was initially willing to sign as surety, she no longer is, allegedly because she was subpoenaed by the Grand Jury after signing for Mr. Yang.  Mr. Yang presented no other sureties, other than a pastor and one friend.  The government contends Mr. Yang rarely slept at his house.  Mr. Yang has significant family ties to Korea.

1    Accordingly, pursuant to Title 18, U.S.C. § 3142 (i), the Court hereby orders the
2 defendant detained. The Court further orders that defendant be committed to the custody of the
3 Attorney General for confinement in a corrections facility separate, to the extent practicable,
4 from persons awaiting or serving sentences or being held in custody pending appeal. (18 U.S.C.
5 § 3142(i)(2)). The Court orders that defendant be afforded reasonable opportunity for private
6 consultation with counsel. (18 U.S.C. § 3142(i)(3)). The Court orders that, on further order of a
7 court of the United States or on request of an attorney for the Government, the person in charge
8 of the corrections facility in which defendant is confined deliver defendant to a United States
9 Marshal for the purpose of an appearance in connection with a court proceeding. (18 U.S.C. §
10 3142(i)(4)).

12    IT IS SO ORDERED.

14 DATED: August 3, 2005

_____
EDWARD M. CHEN
United States Magistrate Judge